# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

TRACEY JAMES                                                 PLAINTIFF

V.                                           CAUSE NO. 3:18-CV-678-CWR-FKB

ANTARCTIC MECHANICAL SERVICES, INC., *et al.*             DEFENDANTS

## ORDER

Before the Court is Defendant Phillip Bertellotti's Motion for Partial Summary Judgment as to Plaintiff Tracey James' claim for punitive damages. James has filed claims against Bertellotti for "intentional, willful, unlawful, wanton, reckless, grossly negligent and/or negligent acts and/or omissions" arising from a motor vehicle accident that occurred on September 18, 2015. James seeks compensatory and punitive damages. Bertellotti has admitted to simple negligence in causing the accident. However, Bertellotti refutes that he drove his vehicle in a grossly negligent or reckless manner. Accordingly, he argues that he is entitled to judgment in his favor as a matter of law on James' claims for punitive damages.

The grounds for summary judgment are familiar and well established. *See Tatum v. Kelley*, No. 3:11-CV-117-CWR-FKB, 2012 WL 956409, at *2 (S.D. Miss. Mar. 20, 2012). Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Id.* (citation omitted). State law is determined by looking to the decisions of the state's highest court. *Id.* (citation omitted).

In Mississippi, punitive damages may be awarded "as punishment for the defendant's wrongdoings so that others may be deterred from similar offenses." *Gordon v. National States Ins. Co.*, 851 So.2d 363, 366 (Miss. 2003) (citation omitted). The state legislature established the following standard for when a plaintiff may receive punitive damages:

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code § 11–1–65(1)(a).

In considering whether punitive damages are appropriate to place before the jury, a trial court must examine "[t]he totality of the circumstances and the aggregate conduct of the defendant." *Bradfield v. Schwartz*, 936 So.2d 931, 937 (Miss. 2006) (quotation marks and citations omitted). The question is whether "a reasonable, hypothetical trier of fact could find either malice[,] gross neglect/reckless disregard," or fraud. *Doe ex rel. Doe v. Salvation Army*, 835 So.2d 76, 81 (Miss. 2003) (citation omitted).

Based on the totality of the circumstances and his conduct, a reasonable jury could find that Bertellotti acted with gross negligence or reckless disregard. In deposition, Bertellotti admitted to having three beers prior to the wreck. He also noted that officers who arrived at the scene of the collision arrested him for driving under the influence of alcohol. Bertellotti confirmed that he refused to take a breathalyzer test once at the precinct "because [he] thought there was a chance [he] might not pass the test."[1] While "the Supreme Court of Mississippi has been extremely reticent to permit punitive damages in cases involving the mere commission of traffic violations . . . the Court has indicated that punitive damages may be available where a driver/tortfeasor operates his vehicle while under the influence of an intoxicant." *Barnes v. Carpenter*, No. 2:14-CV-144-KS-MTP, 2014 WL 6068943, at *1 (S.D. Miss. Nov. 13, 2014) (collecting cases) (citation omitted). And, this Court has denied summary judgment on claims

---

[1] Moreover, a genuine issue exists when one considers that a constable, who was called to the scene, testified that the police officer – while investigating the accident – told him that Bertellotti was "drunk as three skunks." Docket No. 175, at 8.

for punitive damages in cases of vehicle collisions that did not involve intoxicated drivers when there were fact disputes regarding whether a defendant's conduct rose to the level of gross negligence. *See, e.g., Welch v. Loftus*, 776 F.Supp.2d 222, 227 (S.D. Miss. 2011); *Gaddis v. Hegler*, No. 3:10-CV-249-CWR-LRA, 2011 WL 2111801, at *4–5 (S.D. Miss. May 26, 2011); *Harper v. Wilkaitis*, No. 3:14-CV-580-CWR-FKB, 2015 WL 12571078, at *1 (S.D. Miss. June 2, 2015).

Whether Bertellotti was intoxicated when his vehicle ran into James' is a genuine issue of material fact that the jury should decide. Should the jury find that Bertellotti was intoxicated, the jury could reasonably find that his act of driving while intoxicated, along with the other facts surrounding the accident, "evidences a willful, wanton or reckless disregard for the safety of others" such that punitive damages should be awarded. Miss. Code § 11–1–65(1)(a); *see also Barnes*, 2014 WL 6068943, at *1.

While this Court appreciates the high threshold to be met before James ultimately demonstrates that she is entitled to a jury instruction on punitive damages on her claims against Bertellotti, when viewing the evidence in the light most favorable to the Plaintiff, as it is required, genuine issues of material fact exist on this question. *See*, Welch, *supra*, at *4.

Accordingly, Bertellotti's Motion for Partial Summary Judgment is **DENIED**.

**SO ORDERED**, this the 12th day of December, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE