# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**TRACEY JAMES**                                                                                    **PLAINTIFF**

**V.**                                                                          **CAUSE NO. 3:18-CV-678-CWR-FKB**

**ANTARCTIC MECHANICAL SERVICES, INC.,** *et al.*                        **DEFENDANTS**

## ORDER

Before the Court is defendants Antarctic Mechanical Services, Inc., AMS Mechanical Holdings, and Phillip Bertellotti's Motion for Partial Summary Judgment on Plaintiff Tracey James' claim for "damages as a result of witnessing her daughter and granddaughter" experience a vehicle accident on September 18, 2015 (hereinafter referred to as James' "bystander claim"). That day, James was driving with her daughter and granddaughter in the back seat when Bertellotti crashed into James' car. The defendants argue that (1) James did not actually witness her daughter and granddaughter experience the accident and (2) that James has not identified sufficient evidence through discovery to prove that she was injured due to her alleged observation of her daughter and granddaughter's experience. For the following reasons, the defendants' motion is denied.

The grounds for summary judgment are familiar and well established. *See Tatum v. Kelley*, No. 3:11-CV-117-CWR-FKB, 2012 WL 956409, at *2 (S.D. Miss. Mar. 20, 2012). Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Id.* (citation omitted). State law is determined by looking to the decisions of the state's highest court. *Id.* (citation omitted).

Under Mississippi law, a bystander to an accident suffered by another person may recover for emotional-distress damages if the plaintiff:

(1) was located near the scene of the accident, as contrasted with one who was a distance away from it;

(2) experienced shock that resulted from a direct emotional impact upon plaintiff from the sensory and contemporaneous observance of the accident, as contrasted with learning of the accident from others after its occurrence; and

(3) was closely related to the victim, as contrasted with an absence of any relationship or the presence of only a distant relationship.

*Entergy Mississippi, Inc. v. Acey*, 153 So. 3d 670, 673 (Miss. 2014) (citation omitted).

Here, it is undisputed that the first and third factors have been met. James was driving the car when the accident occurred. She is considered closely related as the mother and grandmother of the car's passengers.

Turning to the second factor, there is sufficient evidence to create a genuine dispute as to whether James contemporaneously *observed* the accident. Defendants argue that James did not *see* the accident take place, because – according to their reading of James' deposition testimony – James was looking forward the entire time and could not see her daughter and granddaughter in the backseat when the accident occurred. James counters that she "cut [her] eyes . . . to the side just to see . . . what could have been wrong" with her granddaughter. James also attests that she heard her daughter "screaming, crying, and hollering" when the crash occurred and for several minutes thereafter. The parties disagree as to whether James's statements concern her observations before, during, or after the accident. For purposes of summary judgment, the Court must "view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Tatum*, 2012 WL 956409 at *2 (citation omitted). Accordingly, the Court finds that there is a genuine dispute of material fact as to whether James' observations were contemporaneous with the accident. *Accord Hernandez v. Ford Motor Co.*, 390 F. Supp. 2d 602, 603 (S.D. Tex. 2005) ("Presence in the automobile during the accident certainly allowed for

'observance of the accident, as contrasted with learning of the accident from others after its occurrence.'") (citation omitted).[1]

Defendants also claim that James failed to develop evidence during discovery that she suffered emotional distress by witnessing her daughter and granddaughter experience the accident. They argue that James did not "complain to any medical or psychiatric provider that she was troubled by the accident with respect to seeing her daughter and granddaughter experience the collision." Defendants also argue that James' "medical records reflect that her psychiatric complaints are unrelated to her passengers."

"Mental anguish is a nebulous concept . . . and requires substantial proof for recovery." *Gamble ex rel. Gamble v. Dollar Gen. Corp.*, 852 So. 2d 5, 11 (Miss. 2003) (citation omitted). When the defendant's conduct is "malicious, intentional, willful, wanton, grossly careless, indifferent or reckless," *Sumler v. E. Ford, Inc.*, 915 So. 2d 1081, 1088 (Miss. Ct. App. 2005) (citation omitted), and the "mental or emotional stress is a foreseeable result of the conduct of the defendant," *Gamble*, 852 So. 2d at 11 (citation omitted),  no further proof of injury is required. "The nature of the act itself, rather than the seriousness of the consequences, can justify an award for compensatory damages." *Gamble*, 852 So. 2d at 11 (citation omitted).

For emotional distress caused by ordinary negligence, Mississippi law recognizes two alternative standards of proof for the plaintiff to recover. Under the more relaxed or permissive view, a plaintiff may recover so long as "the injury was reasonably foreseeable by the

---

[1] Defendants have focused their attention exclusively to whether James actually saw the accident. As noted above, there is a genuine issue on that point. However, a bystander's claim may not be so limited. *Acey's* second factor speaks to "direct emotional impact upon plaintiff from the *sensory* and contemporaneous observance of the accident." 153 So.3d at 673 (emphasis added). The court used the term "sensory" which is not limited to just sight or what one sees. "Sensory" is defined as "of or relating to sensation or the senses." *See Sensory Definition*, MERRIAM-WEBSTER, https://www merriam-webster.com/dictionary/sensory (last visited Dec. 18, 2019). James experienced the accident through all of her senses, including sight, sound and touch. For that reason, it is difficult to conclude that James did not also "observe" the accident.

tortfeasor." *Montgomery v. CitiMortgage, Inc.*, 955 F. Supp. 2d 640, 653 (S.D. Miss. 2013) (applying Mississippi law) (citation omitted). Under the more stringent view, "the plaintiff must prove some sort of injury or demonstrable harm, whether it be physical or mental, and that harm must have been reasonably foreseeable to the defendant." *Id.* (citation omitted).

Here, there is a fact dispute as to whether Bertellotti was driving under the influence of alcohol when the accident occurred. If proven, that could be considered conduct that shows "willful, wanton or reckless disregard for the safety of others." *See James v. Antarctic Mechanical Services, Inc.*, No. 3:18-CV-678-CWR-FKB, Docket No. 221 at 3 (S.D. Miss. Dec. 12, 2019) (citation omitted). In such case, James would need to provide no further proof than that of Bertellotti's conduct itself. *See Gamble*, 852 So. 2d at 11 (citation omitted).

If Bertellotti's conduct only arose to the level of simple negligence, James has provided sworn testimony discussing the shock she felt from witnessing her daughter and granddaughter in the crash. Additionally, the very medical records that the defendants cite suggest that James has experienced "depression, anxiety, and tearfulness" as a result of the accident and was prescribed medication for depression. James' alleged observations of hearing her daughter scream and that "they were all stunned" from the crash are also discussed in the medical records in her description of the accident. As such, there is sufficient evidence – whether James' testimony or the medical records – to establish a material issue of fact as to whether James experienced emotional distress from witnessing her daughter and granddaughter in the accident. The question is best left for the jury.

Accordingly, the defendants' Motion for Partial Summary Judgment is **DENIED**.

**SO ORDERED**, this the 19th day of December, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
