IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRACEY JAMES                                                                                          PLAINTIFF

V.                                                                          CAUSE NO. 3:18-CV-678-CWR-FKB

ANTARCTIC MECHANICAL SERVICES, INC., *et al.*                                         DEFENDANTS

**ORDER**

Before the Court is Defendant Antarctic Mechanical Services, Inc.'s (AMS) Motion for Summary Judgment. AMS seeks summary judgment on all of Plaintiff Tracey James' claims against it. For the following reasons, AMS's motion is granted in part and denied in part.

**I.    Factual and Procedural History**

On September 18, 2015, Tracey James was waiting in her vehicle at the intersection of Briarwood Drive and Interstate 55 Frontage Road in Jackson, Mississippi, when Defendant Phillip Bertellotti crashed his truck into the back of her car. Bertellotti has admitted to drinking multiple alcoholic drinks prior to driving that day.[1] He has also admitted to simple negligence in causing the crash.

At the time of the accident, Bertellotti was driving a truck that AMS provided him; AMS's logo and contact information were visible on the side of the truck. He was on a travel assignment in Mississippi to work as a foreman for AMS on a refrigeration installation project. Bertellotti's personal boat and boat trailer were also attached to the truck, which he drove down with him from Illinois.

---

[1] Hinds County Constable John Brown, Sr. was at the scene of the accident. *See* Docket No. 181-3 at 1. He attests that when he walked up to the window of Bertellotti's truck, he smelled alcohol. *Id.* at 2. Constable Brown also states that he heard Bertellotti say something to the effect of "I think it is snowing," before dropping his head. *Id.*

On August 30, 2018, James filed this complaint in the County Court of Hinds County, Mississippi. She raised negligence-based claims against Bertellotti and AMS. James sought compensatory and punitive damages for injuries sustained as a result of the collision as well as for "continuing physical problems and symptoms." On September 28, 2018, defendants removed the matter to this Court.

## II.     Legal Standard

### A.     Federal Procedural Law

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inferences in such party's favor that the evidence allows, would be sufficient to support a verdict in favor of that party." *St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citation omitted). A fact is material if it is one that might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. Fed. R. Civ. P. 56(c)(1). That evidence may include "depositions, . . . affidavits or declarations, . . . or other materials." *Id.* When evaluating a motion for summary judgment, a court refrains from making credibility determinations and does not weigh evidence or draw from the facts inferences for the movant. *Strong v. Dep't of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005).

In this case, James failed to respond to AMS's arguments regarding all claims except for her vicarious liability claim. "A motion for summary judgment cannot be granted simply because there is no opposition." *Day v. Wells Fargo Bank Nat. Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014)

(citation omitted). However, "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Id.* (citation omitted).

B. **State Substantive Law**

Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire & Marine Ins. Co. v. Convalescent Servs., Inc.*, 193 F.3d 340, 342 (5th Cir. 1999) (citation omitted).

"If no such holdings exist, [the Court] predicts how that tribunal would rule." *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998). The prediction is based on:

> (1) decisions of the Mississippi Supreme Court in analogous cases, (2) the rationales and analyses underlying Mississippi Supreme Court decisions on related issues, (3) dicta by the Mississippi Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which Mississippi courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries.

*Id.*

"Absent evidence to the contrary, [the federal court] presumes that the Mississippi courts would adopt the prevailing rule if called upon to do so." *Id.* The Court is "emphatically not permitted to do merely what [it] think[s] best; [the federal court] must do that which [it] think[s] the Mississippi Supreme Court would deem best." *Id.*

III. **Discussion**

The Court will consider each of James' claims in turn.

A. **Vicarious Liability**

Under Mississippi law, employers may be held "liable in tort for the negligent actions of their employees, taken on behalf of the employer while in the course and scope of their employment." *Thomas v. Cook*, 170 So. 3d 1254, 1259 (Miss. Ct. App. 2015) (citing *Gulledge v. Shaw*, 880 So.2d 288, 295 (Miss. 2004)). If there is no factual dispute, it is "a question of law for the court" whether an employee was acting within the scope of his or her employment. *Bituminous Cas. Corp. v. Smith Bros.*, No. 2:07-CV-354-KS-MTP, 2009 WL 367117, at *6 (S.D. Miss. Feb. 10, 2009), *aff'd sub nom. Bituminous Cas. Corp. v. Buckley*, 348 F. App'x 23 (5th Cir. 2009) (applying Mississippi law) (citation omitted).

It is undisputed that Bertellotti was an employee of AMS when the accident occurred. AMS sent him from Illinois to Morton, Mississippi where he worked as a foreman and installer on an AMS refrigeration installation project. It is also undisputed that at the time of the accident, Bertellotti was driving a leased truck with AMS's logo that AMS assigned him. AMS argues, however, that it should be granted summary judgment on James' claim for vicarious liability because Bertellotti was acting outside of the course and scope of his employment when he crashed into James, as the accident occurred "after work" and Bertellotti was on his way home.

"There appears to be some conflict under Mississippi law as to the circumstances in which an employee who is driving his employer's vehicle home after work is acting within the scope of his employment." *Id.* (collecting cases). In *Bituminous*, Judge Starrett interpreted Mississippi law on this issue as follows:

> As a general matter, an employee traveling to or from work is not acting within the scope of his employment. A potential exception to this general rule, is that an employee traveling to or from work in his employer's vehicle may be acting within the scope of his employment. To ascertain whether the fact that the employee is commuting in his employer's vehicle constitutes an exception to the general rule, Mississippi courts consider whether the vehicle is supplied primarily for the purpose of assisting the master's work or for the

4

> purpose of assisting the employee to perform what is essentially his own job of getting to or from work.
>
> Mississippi courts have elucidated several factors to assist in this inquiry. If the employer pays the employee for the time spent commuting or requires the employee to use the vehicle, the employee will be found to have been acting within the scope of his employment. Additionally, if the employer induces the employee to sign an employment contract by offering to provide the vehicle as transportation, the employee acts within the scope of his employment while driving the vehicle.

*Id.* at *6–*7 (quotations and citations omitted).

The Court must determine, based on the facts, if AMS "supplied the truck primarily for its own purposes or instead to assist its employees to travel to and from work." *Id.* at *7. According to their policy, AMS provided employees vehicles as a privilege for "personal transportation between home and job-site." *See* Docket No. 153-4 at 3. However, Bertellotti testified that the use of the vehicle was "for work only." *See* Docket No. 181-1 at 26. Mark Rook, who was designated by AMS to speak on its behalf in this litigation, also testified that Bertellotti was "given a truck to transport materials to and from the job site . . . That's why he had a vehicle." *See* Docket No. 181-2 at 31.

Given the factual dispute as to whether AMS provided the truck for its own purposes or Bertellotti's, summary judgment is inappropriate as to James' vicarious liability claim.

### B. "Corporate Negligence"

James raises claims of "corporate negligence" against AMS for: (1) "[e]mploying, utilizing and retaining Bertellotti"; (2) "[f]ailing to properly screen and investigate Bertellotti"; (3) "[f]ailing to properly train Bertellotti"; (4) "[f]ailing to develop, implement and/or enforce reasonable and prudent safety programs and procedures, including but not limited to driver

5

screening; driver training and driver management programs and procedures"; and (5) "[f]ailing to supervise and manage Bertellotti."[2]

### 1. Negligent Hiring, Retention, Training, Supervision, and Entrustment[3]

In Mississippi, an employer can be held independently liable for harm to a third party caused by an employee under claims of negligent hiring or retention, negligent training, negligent supervision, and negligent entrustment. For each claim, the plaintiff must prove that the defendant had actual or constructive knowledge of the employee's unfitness or otherwise dangerous tendencies. *See Doe ex rel. Brown v. Pontotoc Cty. Sch. Dist.*, 957 So. 2d 410, 417 (Miss. Ct. App. 2007) (citing *Eagle Motor Lines v. Mitchell*, 223 Miss. 398, 411–12 (Miss. 1955)) (discussing elements of negligent hiring or retention); *Holmes v. Campbell Properties, Inc.*, 47 So. 3d 721, 729 (Miss. Ct. App. 2010) (negligent training or supervision); *Kitchens v. Dirtworks, Inc.*, 50 So. 3d 388, 392 (Miss. Ct. App. 2010) (negligent entrustment). "'Actual notice' is defined as notice expressly and actually given while 'constructive notice' is defined as information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence, and his situation was such as to cast upon him the duty of inquiring into it." *Parmenter v. J & B Enterprises, Inc.*, 99 So. 3d 207, 217 (Miss. Ct. App. 2012) (citation omitted).

---

[2] AMS raises the concern that James' complaint includes a claim of negligence per se and preemptively argues for summary judgment in the event the Court construes the complaint as such. However, the complaint fails to clearly identify such a claim and James failed to address this issue in its response to AMS's motion. Accordingly, the Court finds no need to speculate if James raised a negligence per se claim or address it further in this matter.

[3] Because AMS denies that Bertellotti was acting within the course and scope of his employment, we must address these claims. Otherwise, where an employer concedes liability under vicarious liability and respondeat superior, the Mississippi Court of Appeals and our district courts have concluded that a defendant is entitled to dismissal of, or summary judgment on, negligence claims based on negligent entrustment, negligent hiring, failure to train, negligent supervision and negligent retention. *See, e.g., Carothers v. City of Water Valley*, 242 So. 3d 138, 144–45 (Miss. App. 2017), *cert. denied*, 246 So. 3d 67 (Miss. 2018) (citing *Davis v. ROCOR Int'l*, 3:00-CV-864, 2001 U.S. Dist. LEXIS 26216, at *17–25 (S.D. Miss. Dec. 19, 2001)); *Gaddis v. Hegler*, No. 3:10-CV-249-CWR-LRA, 2011 WL 2111801, at *3 (S.D. Miss. May 26, 2011); *Welch v, Loftus*, 776 F. Supp. 2d 222 (S.D. Miss. 2011).

Here, there is no evidence in the record that AMS had actual or constructive knowledge that Bertellotti would improperly drive the truck AMS provided. Bertellotti had a valid driver license when he was hired by AMS in 1985 and at the time of the accident. His Illinois driver record shows a 2014 violation in Louisiana for driving without required equipment, which appears to prohibit driving a moving vehicle that is not in good working order. S*ee* LA. REV. STAT. § 32:1301 (2014). The Louisiana statute does not concern driving under the influence or activity that would otherwise have put AMS on notice that Bertellotti would drive his truck in a dangerous way. Bertellotti testified that he had no history of moving violations in his nearly 30 years of driving prior to the accident. According to the record, AMS conducted a check of Bertellotti's driving record prior to issuing him a vehicle. Bertellotti also testified that AMS's insurer repeatedly checked its employee's driving records throughout their tenure to ensure they did not have multiple moving violations.

Because there is no evidence which contradicts or calls into the question that which has been provided by AMS or any evidence that AMS had actual or constructive knowledge that Bertellotti was likely to drive under the influence of alcohol or in an otherwise dangerous way, AMS is entitled to judgment as a matter of law on James' claims for negligent hiring, retention, training, supervision, and entrustment.

### 2. Gross Negligence

Under Mississippi law, gross negligence is defined as a "course of conduct which, under the particular circumstances, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." *King v. Hammet*, No. 3:18-CV-672-HTW-LRA, 2019 WL 4795868, at *7 (S.D. Miss. Sept. 29, 2019) (citation omitted).

Since the facts regarding the company's independent actions do not support a finding of simple negligence, it follows that AMS's conduct does not rise to the level of gross neglect. Based on the facts, AMS checked Bertellotti's driving record prior to hiring him, regularly checked his record throughout his employment, and instituted trainings and other safety measures for all of its employees. James makes no argument otherwise. AMS is entitled to summary judgment as to James' claim of gross negligence.

### 3. Punitive Damages

In Mississippi, punitive damages may be awarded "as punishment for the defendant's wrongdoings so that others may be deterred from similar offenses." *Gordon v. National States Ins. Co.*, 851 So. 2d 363, 366 (Miss. 2003) (citation omitted). In considering whether punitive damages are appropriate to place before the jury, a trial court must examine "[t]he totality of the circumstances and the aggregate conduct of the defendant." *Bradfield v. Schwartz*, 936 So. 2d 931, 937 (Miss. 2006) (quotation marks and citations omitted). The question is whether "a reasonable, hypothetical trier of fact could find either malice[,] gross neglect/reckless disregard," or fraud. *Doe ex rel. Doe v. Salvation Army*, 835 So. 2d 76, 81 (Miss. 2003) (citation omitted).

While Bertellotti's conduct may rise to the level necessary to support punitive damages, *see James v. Antarctic Mechanical Services, Inc.*, No. 3:18-CV-678-CWR-FKB, Docket No. 221 (S.D. Miss. Dec. 12, 2019), "numerous federal courts in Mississippi have ruled that punitive damages are not recoverable from the employer based on their employee's actions" as a matter of Mississippi statutory and case law, *Dinger v. Am. Zurich Ins. Co.*, No. 3:13-CV-46-MPM-SAA, 2014 WL 580889, at *4 (N.D. Miss. Feb. 13, 2014) (collecting cases). As discussed above, no reasonable, hypothetical trier of fact could find that AMS acted with malice or gross neglect. Accordingly, the jury will not be instructed to consider punitive damages as to AMS.

### IV. Conclusion

AMS's motion for summary judgment is **DENIED** as to James' claim of vicarious liability for the actions of AMS's employee, Bertellotti.

AMS's motion for summary judgment is **GRANTED** in all other respects.

**SO ORDERED**, this the 7th day of January, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
