IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRACEY JAMES                                                                    PLAINTIFF

V.                                                       CAUSE NO. 3:18-CV-678-CWR-FKB

ANTARCTIC MECHANICAL SERVICES, INC., *et al.*                    DEFENDANTS

**ORDER**

Before the Court is Antarctic Mechanical Services, Inc. (AMS) and Phillip Bertellotti's Motion for Partial Summary Judgment or, in the alternative, Motion in Limine on Plaintiff Tracey James's damages claims from services rendered by Dr. Dinesh Goel and the Medical Clinic of Mississippi. For the following reasons, the motion is denied.

**I.     Background**

This case arises from an accident that occurred on September 18, 2015, when Phillip Bertellotti, an AMS employee, crashed his truck into the back of Tracey James's car. Bertellotti has admitted to simple negligence in causing the crash.

James visited Dr. Dinesh Goel to treat her injuries stemming from the accident starting in October 2015. Dr. Goel has continued treating James since that first visit. Dr. Goel's practice is based at the Medical Clinic of Mississippi, a Mississippi corporation for which Dr. Goel is the sole officer, president, and registered agent.

James's bill from Dr. Goel totals $37,092.32. It includes charges for patient visits, MRI scans, physical therapy, and a range of other services. For patients who cannot afford to pay for their MRIs and physical therapy upfront, Dr. Goel has an arrangement with other medical care providers. He pays a discounted price to the provider upfront for his patients' care, then bills the patient at a higher price.

During discovery, Dr. Goel testified that he sent the bills for all services to James's attorney. James also signed a medical lien agreement with the Medical Clinic of Mississippi in which she assigned her rights to proceeds arising from this personal injury claim to cover her medical bills.

**II.     Legal Standards**

The grounds for summary judgment are familiar and well-established. *See Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted). Because this case is proceeding in diversity, the applicable substantive law is that of the forum state, Mississippi. *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir.1999).

A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-CV-129-DMB, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015) (citation omitted).

**III.    Discussion**

    **A.     Partial Summary Judgment**

AMS and Bertellotti argue that James's medical bills from Dr. Goel are not actual economic damages under Mississippi law.

"'Actual economic damages' means objectively verifiable pecuniary damages arising from," among other things, "medical expenses and medical care." Miss. Code Ann. § 11-1-60(1)(b).

Dr. Goel billed James for services he rendered and services he ordered. *See* Docket No. 141-3. James signed a medical lien agreement with the Medical Clinic of Mississippi in which she affirms her responsibility for all medical bills she received from the Clinic regardless of the outcome of any personal injury suit. Docket No. 141-1. Dr. Goel testified that he tries to collect on all bills. Based on this agreement and the bills sent to James's attorney, objectively verifiable "demands for payment were delivered to [James] and thus, incurred by [her]." *McGee v. River Region Med. Ctr.*, 59 So. 3d 575, 580 (Miss. 2011) (citation omitted). "The jury [is] entitled to hear them." *Id.*

Accordingly, AMS and Bertellotti have not shown that they are entitled to summary judgment on James's damages claims arising from Dr. Goel's treatment.

### B. Motion in Limine

AMS and Bertellotti alternatively seek an order excluding proof of Dr. Goel's bills. Under Mississippi law:

> Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred were necessary and reasonable.

Miss. Code Ann. § 41–9–119. Here, this proof has been presented to the Court. As opposing parties, AMS and Bertellotti may "rebut the necessity and reasonableness of the bills by proper evidence," *Estate of Bolden ex rel. Bolden v. Williams*, 17 So. 3d 1069, 1071–72 (Miss. 2009), but they are not entitled to a motion in limine excluding the bills at trial, *see McGee*, 59 So. 3d at 580.

### C. Evidentiary Ruling

As a final alternative, the defendants ask the court for an evidentiary ruling "that the assignment of Ms. James' personal injury lawsuit to Dr. Goel and Dr. Goel's deposition testimony regarding his relationship" with third-party service providers be admissible to challenge the reasonableness of James's medical damages or to show bias of Dr. Goel.

AMS and Bertellotti characterize James's bills from Dr. Goel as fabrications meant to inflate her potential damages. Defendants argue that the true cost of Dr. Goel's services are the lower amounts he paid to third-party providers. The amount he charged James, at least for MRIs, is significantly greater than the amount he paid upfront. Dr. Goel also testified that he has taken no action to collect except for sending the medical bills to James's attorney. The defendants argue that the evidence of the medical lien agreement and Dr. Goel's deposition testimony regarding his arrangement with third-party providers shows that James agreed to accept medical treatment for free so Dr. Goel could "run up exorbitant charges," with no expectation that she would ever pay. They also argue that this evidence shows that the medical bills are not reasonable given the mark-up from what Dr. Goel paid and what he charged James. Finally, AMS and Bertellotti argue that this evidence is relevant to show bias by Dr. Goel in the outcome of this matter.

While the medical lien agreement and Dr. Goel's deposition testimony about his arrangement with third-party providers could be used to challenge the reasonableness of the damages or to establish bias of Dr. Goel, their introduction also runs the risk of violating the collateral source rule. Under Mississippi law, "a tortfeasor cannot use the moneys of others (insurance companies, gratuitous gifts, etc.) to reduce the cost of its own wrongdoing." *Brandon HMA, Inc. v. Bradshaw*, 809 So. 2d 611, 618 (Miss. 2001), *abrogated on other grounds by Univ.*

*of Mississippi Med. Ctr. v. Lanier*, 97 So. 3d 1197 (Miss. 2012) (citation omitted). The collateral source rule applies to both previously received compensation and cases where the potential for compensation from an independent source exists. S*ee Ward v. Mitchell*, 62 So. 2d 388, 391 (1953). This Court has explained this point no differently: "In Mississippi, the collateral source rule provides that compensation or indemnity for the loss received by plaintiff from a collateral source, wholly independent of the wrongdoer, as from insurance, cannot be set up by the latter in mitigation or reduction of damages." *Chickaway v. United States*, No. 4:11-CV-22-CWR-LRA, 2012 WL 3236518, at *1 (S.D. Miss. Aug. 7, 2012) (citation, quotations marks, bracket and ellipses omitted).

Here, Dr. Goel is operating as some combination of a health insurance company and a litigation finance company. But evidence of insurance or of an assignment of proceeds to a litigation finance company is typically not admissible. Defendants' characterization of Dr. Goel's services as free, evidence that Dr. Goel has already paid third-party providers for James's medical care, and the suggestion that Dr. Goel will write off these expenses should James not prevail would all fall under the collateral source rule.

Evidence that would otherwise violate the collateral source rule may be "introduced for a purpose other than to mitigate damages." *Woulard v. Greenwood Motor Lines, Inc.*, No. 1:17-CV-231-HSO-JCG, 2019 WL 3311752, at *3 (S.D. Miss. Feb. 4, 2019) (applying Mississippi law) (quotations and citation omitted). However, the defendants have not explained how evidence of the medical lien agreement and Dr. Goel's billing practices could be introduced without violating the collateral source rule.

Accordingly, AMS and Bertellotti's motion is denied without prejudice. Should the defendants wish to pursue this line of questioning, they must provide examples of how they

might raise this evidence without violating the collateral source rule. Such showing will be made outside of the presence of jury at trial. The Court then will determine whether that evidence will be presented to the jury. *Fos v. Wal-Mart Stores East, LP*, No. 3:12-CV-735-LG-JCG, 2015 WL 11120671, at *2 (S.D. Miss. June 2, 2015) (citation omitted).

**IV.     Conclusion**

AMS and Bertellotti's Motion for Partial Summary Judgment is denied.

AMS and Bertellotti's Motion in Limine is denied without prejudice.

**SO ORDERED**, this the 4th day of February, 2020.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE