IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRACEY JAMES                                                      PLAINTIFF

V.                                              CAUSE NO. 3:18-CV-678-CWR-FKB

ANTARCTIC MECHANICAL SERVICES, INC., *et al.*                    DEFENDANTS

## <u>ORDER</u>

Before the Court is Defendants Antarctic Mechanical Services, Inc. d/b/a AMS
Mechanical Systems, Inc. ("AMS") and Phillip Bertellotti's *Motion for Partial Summary
Judgment on Claim for Household Services*. For the following reasons, the motion is denied.

The grounds for summary judgment are familiar. *See* Docket No. 254 at 2. Because this
case is proceeding in diversity, the applicable substantive law is that of the forum state,
Mississippi. *Id.* State law is determined by looking to the decisions of the state's highest court.
*Id.*

Defendants argue they are entitled to summary judgment "on any loss or claim" for
household services Tracey James alleges she can no longer perform due to the accident that
forms the basis of this matter. AMS and Bertellotti contend that James failed to properly plead
such damages in her complaint because household services are "special damages" that must be
"specifically stated" under Federal Rule of Civil Procedure 9(g). Separately, Defendants argue
that Mississippi law does not allow recovery for claims for household services for oneself.[1]
Defendants say such claims are recoverable only as derivative or third-party claims.

---

[1] Defendants also argue that James advances a claim for household services on behalf of her granddaughter. While
James' ability to do housework necessarily benefits her granddaughter – since they live in the same house – there is
nothing in the record or James' submissions suggesting that she is seeking separate damages on behalf of her
granddaughter for the work James can no longer do. To the extent Defendants believe James is exaggerating her
damages by referencing household services that benefit her granddaughter, they may raise the issue with the jury.

Rule 9(g) does not "define the 'special damages' for which special pleading is required." *Schexnayder v. Bonfiglio*, 167 F. App'x 364, 367 (5th Cir. 2006). It is, however, "designed to inform defending parties as to the nature of the damages claimed in order to avoid surprise; and to inform the court of the substance of the complaint." *Al-Saud v. Youtoo Media, L.P.*, 754 F. App'x 246, 255 (5th Cir. 2018) (citing *Great Am. Indem. Co. v. Brown*, 307 F.2d 306, 308 (5th Cir. 1962)). Accordingly, special damages can be understood as "damages that are unusual for the type of claim in question" such that an opposing party would not be put on notice as to the damages sought and the Court would be left unaware of the substance of the complaint. *Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995). In the Fifth Circuit, failure to properly plead under Rule 9(g) may be "be cured by amendment or later notice." *Al-Saud,* 754 F. App'x at 255 (collecting cases discussing exceptions to the pleading requirements of Rule 9(g)).

Here, James sufficiently pleaded this kind of damages and the defendants were later put on notice. James notes in her complaint that she suffered "severe, painful, and permanent injuries" and resulting damages "including but not limited to . . ."

> past and future loss of enjoyment of life, since [s]he is unable to engage in, perform as proficiently, and/or enjoy as much, many activities, pastimes and/or hobbies in which [s]he engaged, performed proficiently and/or enjoyed prior to the collision described above.

Defendants suggest that Rule 9(g) required James to specifically state that the different "activities, pastimes and/or hobbies" included her household chores. They have presented no support for this conclusion. While James' allegations are not written "with as great precision as might be possible or desirable, this complaint adequately notifies both [the defendants] and the court as to the nature of the claimed damages." *Brown*, 307 F.2d at 308 (citation omitted). Moreover, Defendants had "later notice" that would excuse a failure to specifically plead given James' deposition testimony and her responses to their interrogatories regarding her inability to

do housework that she was able to do before the accident. *Al-Saud,* 754 F. App'x at 255; *see also* Docket No. 170-2 at 3–4; Docket No. 170-5 at 2–4.

As to their second point, Defendants' argument that household services can only be brought as a derivative or third-party claim under Mississippi law is misplaced. The Mississippi Supreme Court has decided several personal injury cases wherein parties have used evidence of their inability to do housework after an accident to support their claim for damages. *See, e.g., James Reeves, Contractor, Inc. v. Chain*, 343 So. 2d 1229, 1232 (Miss. 1977) ("Mrs. Chain testified that she has suffered continuously from various ailments since the time of the accident; that she is unable to do her house work . . ."); *Daniels v. Soder*, 253 So. 2d 849, 851 (Miss. 1971) ("At the time of trial, some eighteen months after the accident, she . . . still suffered from the injury and was confined to the house and was unable to do her housework"); *United Gas Corp. v. Parker*, 252 Miss. 486, 494–95 (1965) ("Mrs. Parker testified . . . [s]he was a housewife, and since the injury had not been able to do anything but 'very light housework and cooking.'"); *Strand Enterprises v. Turner*, 223 Miss. 588, 606 (1955) ("At the time of the trial eight months later, she was still suffering pain and unable to do her usual housework."). It follows that "household services" damages can be raised by a plaintiff when they can no longer do housework on their own behalf after an accident.

Accordingly, Defendants' motion is denied.

**SO ORDERED**, this the 6th day of March, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE