IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TRACEY JAMES                                                                                    PLAINTIFF

V.                                                            CAUSE NO. 3:18-CV-678-CWR-FKB

ANTARCTIC MECHANICAL SERVICES, INC., *et al.*                          DEFENDANTS

**ORDER**

Before the Court is Defendants Antarctic Mechanical Services, Inc. ("AMS") and Phillip Bertellotti's *Daubert Motion to Exclude or Limit the Testimony of Kathy Smith and George Carter, Ph.D. and for Partial Summary Judgment on Plaintiff's Claims for Damages for Lost Wages, Household Services and Benefits*. The legal standards are familiar and need not be recited anew. *See* Docket Nos. 253 and 262.

Kathy Smith is a vocation rehabilitation counselor and Dr. Carter is a forensic economist. Defendants do not challenge their qualifications. Instead, Defendants argue that both experts' opinions are unreliable. Specifically, Defendants contend that Smith's testimony should be excluded because she failed to use James' past work history in her valuation of James' wage-earning capacity as required under the Mississippi Supreme Court's ruling in *Rebelwood Apartments RP, LP v. English*, 48 So. 3d 483 (Miss. 2010). Defendants further contend that Dr. Carter's testimony must be excluded since his calculations as to James' estimated lost wages, entitlement benefits, and fringe benefits are predicated on Smith's erroneous calculations. Finally, Defendants seek to exclude Dr. Carter's opinions on the value of James' lost household services and benefits because (1) Dr. Carter based his assumption on James continuing to live with her granddaughter until she turned 18 and (2) Dr. Carter relies upon a neighbor's expected testimony as to the housework James completed prior to the accident.

"In this diversity case, Mississippi law governs the method for calculating a lost future earnings stream." G*reen v. Polyester Fibers, LLC*, No. 1:13-CV-234-SA-DAS, 2016 WL 2968201, at *1 (N.D. Miss. May 20, 2016) (citing *Lucas v. United States*, 807 F.2d 414, 422 (5th Cir. 1986)). "The appropriate procedure, as prescribed by the Mississippi Supreme Court, is to (1) calculate the lost income stream, (2) compute the total damage, and (3) discount that amount to present value." *Id.* (citing *Rebelwood Apartments*, 48 So. 3d at 496). Under Mississippi law, as a general matter, the calculation of lost income stream must "rely[] on the [injured's] actual earnings" in most cases, as opposed to national averages.[1] *Rebelwood Apartments*, 48 So. 3d at 494. "Fringe benefits must not be added unless they actually have been received." *Id.* at 496–97. "In computing the lost income stream, it is permissible to take account of projected increases in compensation, so long as there is 'a colorable factual predicate upon which [the expert] might base his opinion.'" *Green*, 2016 WL 2968201, at *1 (quoting *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1165 (Miss. 1992)).

Here, Smith modeled two scenarios. "Option I" assumes James will be permanently unemployable and would have earned $60,996 annually. The income figure is based on data from the U.S. Bureau of Labor Statistics. "Option II" assumes James will be "capable of all sedentary activities" and assumes an average hourly wage of $10.06, which comes out to approximately $20,924 annually. The Option II income figure is based on an average hourly wage for positions Smith said were within James' "current vocational profile." Neither option uses James' actual earning history as an input. Smith explains her reasoning for the omission in both her original and supplemental reports, stating:

---

[1] The exception to the general rule applies in cases where there is no work history, as in, for example, a tort case brought on behalf of a deceased child. In those circumstances, there is a rebuttable presumption that the injured's income "would have been the equivalent of the national average as set forth by the United States Department of Labor." *Greyhound Lines, Inc. v. Sutton*, 765 So. 2d 1269, 1277 (Miss. 2000).

2

> Earnings capacity differs from the concept of lost earnings because the person's actual income at the time of injury may not reflect what she or he could have achieved if an injury had not occurred. Ms. James was under employed at the time of her injury, given her education and work experience.

Docket Nos. 147-3 at 12; 147-5 at 3.

Smith's failure to use James' actual earnings in making her calculations renders her testimony unreliable. *See Green*, 2016 WL 2968201, at *1; *see also Pennington v. UPS Ground Freight, Inc.*, No. 3:16-CV-00248-NBB-JMV, 2018 WL 1881258, at *1–*2 (N.D. Miss. Apr. 19, 2018) (opinion excluded where expert completely failed to take into consideration plaintiff's prior work history and corresponding earnings and fact that expert testified that his use of the national average earnings was generally accepted methodology did not salvage testimony); *Miller v. Diego*, No. 3:17-CV-593-TSL-RHW, 2018 WL 5261276, at *1 (S.D. Miss. July 30, 2018) (court refused to exclude expert testimony where it was based in part on plaintiff's actual earnings and payroll history). Dr. Carter used Smith's erroneous valuation of James' lost wages as a fundamental input of his valuation of James' lost wages, entitlement benefits, and fringe benefits. Accordingly, both experts' testimony as to the value of James' lost wages – including her entitlement benefits and fringe benefits[2] – are due to be excluded at trial.[3]

Turning to the Defendants' related motion for summary judgment, Defendants fail to cite to any law in support of their proposition that "claims for damages of lost wages, loss of benefits and loss of household services are calculations and projections" that require expert testimony.

---

[2] While fringe benefits would typically be included in the calculation of James' lost wages since James has shown that the benefits "actually have been received" from a prior employer, *Rebelwood*, 48 So.3d at 496–97; *see also* Docket No.147-7, here Carter used Smith's valuation to calculate fringe benefits, making his valuation unreliable under Mississippi law.

[3] There *may* be a cure. *See Person v. Ford Motor Co.,* No. 3:09-CV-133-MPM-DAS, 2011 WL 10501606, at *8–*11 (N.D. Miss. Oct. 13, 2011). In *Person*, Judge Mills granted a continuance to allow the plaintiff's expert to correct his report and use the plaintiff's actual earning history in the expert's lost future earnings calculation. *Id.* at *10. However, given trial in this matter is imminent, the Court refrains from considering whether *Person*'s holding applies to this case.

While this may or may not be true, it is the Defendants' burden to show that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Defendants have not met their burden.

Finally, Defendants' arguments as to Dr. Carter's opinion on the value of household services and benefits are not well-taken. They argue that Dr. Carter's calculations are unreliable because they assume that James' granddaughter will continue to live with her until her granddaughter reaches the age of 18. As of the date of the parties' submissions, James is the legal guardian of her granddaughter. Docket No.147-11 at 7. Defendants provide no evidence that this arrangement is expected to change beyond the testimony of James's daughter, in which she notes her aspiration to regain custody of her daughter in 2019. James' daughter's testimony as to her "plans to get [her] daughter" is simply insufficient to challenge, in advance of trial, the reliability of Dr. Carter's calculations. Defendants also fail to cite any reason why Dr. Carter's reliance on a neighbor's testimony makes his analysis unreliable. Accordingly, the Defendants' motion to exclude Dr. Carter's opinions as to James' loss of household services and benefits is denied.

Accordingly, Defendants' motion to exclude is granted in part and denied in part, while their motion for summary judgment is denied.

**SO ORDERED**, this the 26th day of March, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE