# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

TRACEY JAMES                                                                                    PLAINTIFF

V.                                                              CAUSE NO. 3:18-CV-678-CWR-FKB

ANTARCTIC MECHANICAL SERVICES, INC., *et al.*                           DEFENDANTS

## ORDER

Before the Court are Tracey James' *Motion to Exclude Expert Testimony* [160], *Motion to Strike the Supplemental Report of Jack Moriarty* [190], and *Motion to Strike the Supplemental Report of Gerald Lee* [192].

As to the *Motion to Exclude Expert Testimony*, James' critiques of the Defendants' designated experts *generally* concern "the weight of [their] testimony, not [their] admissibility, and [are] fodder for cross-examination." *United States v. Valencia*, 600 F.3d 389, 421 (5th Cir. 2010).[1] That said, the Court notes that expert testimony should not include opining as to whether other experts are acting "beyond the scope of [their] specialty" as this is a question of law reserved for the Court. *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). Such testimony will not be allowed before the jury. Accordingly, James' motion is granted in part and denied in part.

James' motions to strike are granted. Both reports are supplemental in that they seek to "provide[] the bases" for or offer further explanation of the experts' previous reports. They are

---

[1] The Court identified multiple instances where the Defendants suggest that they *may* attempt to elicit testimony from an expert on matters of which the expert is not qualified. For example, plaintiff notes that Dr. Moriarty may attempt to offer an opinion about the impact on the delay in seeking psychiatric help from Dr. Webb and how that affected Webb's diagnoses. Dr. Moriarty is not a psychiatrist. and there is nothing in his CV, expert report, or the defendants' submissions that shows he has any significant background in the fields of psychology or psychiatry. Accordingly, he cannot offer a specific opinion on that point. However, Defendants are free to cross-examine Dr. Webb on how this delay might have affected his opinion. Counsel are warned that experts are not simply free to offer testimony that is beyond their expertise. The Court will be monitoring the testimony closely to ensure no such testimony is put before the jury.

also untimely, and there is no showing that either offers additional information that would prove important to the finder of fact. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).[23]

**SO ORDERED**, this the 26th day of March, 2020.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] To aid the Court during the trial, the parties must provide the Court with a notebook containing a copy of each expert report for each respective expert expected to testify. Although the Court has struck the supplemental reports of Moriarty and Lee, defendants should submit a copy of those as well. These notebooks should be provided when the parties submit their joint pretrial order, exhibit and witness lists, and jury instructions.

[3] One final point. In an email to counsel, the Court advised the parties to pay close attention to the Special Order regarding the coronavirus (COVID-19) pandemic, No. 3:40-MC-11, Mar. 13, 2020 Special Order [52]. You are reminded that the order may be extended requiring a continuance of the trial. Counsel will be notified when that decision is made. With this additional contingency the parties should reassess their respective positions and make a concerted effort to resolve this case. If the trial is continued, the Court will work with the parties in attempting to find a mutually convenient trial date with its concomitant deadlines, including a hearing on the pending motions in limine. In the meantime, the Court will continue preparing for this trial. If the parties reach agreement, they should notify the Court immediately.